THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:03-cr-00077-MR-WCM-1
CRIMINAL CASE NO. 1:04-cr-00049-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRIAN KEITH MERCER ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Redact & Seal [Criminal Case No. 1-03-cr-77-1, Doc. 102; Criminal Case No. 1-04-cr-49-1, Doc. 36].

The Defendant, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum [Criminal Case No. 1-03-cr-77-1, Doc. 98; Criminal Case No. 1-04-cr-49-1, Doc. 32], as well as Reports prepared by the Bureau of Prisons and Katelyn Rusk, MA, LCAS-A, [Criminal Case No. 1-03-cr-77-1, Docs. 98-1, 98-2; Criminal Case No. 1-04-cr-49-1, Docs. 32-1, 32-2] under seal in this case. For grounds, counsel states that the redacted portions of the memorandum and the reports contain protected health information and the public's right to access is substantially outweighed

by the Defendant's competing privacy rights. [Criminal Case No. 1-03-cr-77-1, Doc. 102; Criminal Case No. 1-04-cr-49-1, Doc. 36].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed her motion on September 2, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Defendant also filed a redacted version of the memorandum that is accessible to the public. [See Criminal Case No. 1-03-cr-77-1, Doc. 102-1; Criminal Case No. 1-04-cr-49-1, Doc. 36-1]. Further, the Defendant has demonstrated that the redacted portions of the memorandum and the reports contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally,

2

having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the unredacted Sentencing Memorandum and the Reports is necessary to protect the Defendant's privacy interests.

Upon review of the Defendant's unredacted Sentencing Memorandum and the Reports, the Court finds that the unredacted portions of the Sentencing Memorandum and the Reports contain case material and information of the nature that is ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d at 492.

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file an unredacted Sentencing Memorandum and the Reports under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Criminal Case No. 1-03-cr-77-1, Doc. 102; Criminal Case No. 1-04-cr-49-1, Doc. 36] is **GRANTED**. The unredacted Sentencing Memorandum and Reports [Criminal Case No. 1-03-cr-77-1, Docs. 98, 98-1, 98-2; Criminal Case No. 1-04-cr-49-1, Docs. 32, 32-1, and 32-2] shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: September 9, 2020

Martin Reidinger
Chief United States District Judge